UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Toney G. Dickey,<br><br>    Petitioner,<br><br>v.<br><br>Gary Miniard,<br><br>    Respondent. | Case No. 4:22-11898<br>Honorable Shalina D. Kumar<br>Mag. Judge Kimberly G. Altman |

**OPINION AND ORDER GRANTING THE MOTION TO DISMISS (ECF No. 9), SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 3), AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Toney G. Dickey filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* ECF No. 1. Petitioner challenges the revocation of his probation on his conviction for delivery or manufacture of a controlled substance. Respondent filed a motion to dismiss the petition (ECF No. 9) on the ground that Dickey's petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). For the reasons stated below, the petition for a writ of habeas corpus is summarily dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1).

1

I.

On July 5, 2018, petitioner pleaded guilty to the third violation of his probation. Petitioner was sentenced on August 30, 2018, to ten to twenty years in prison.

Direct review of petitioner's probation violation ended in the state courts on March 27, 2020, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of his probation revocation and sentence by the Michigan Court of Appeals. *People v. Dickey*, 940 N.W.2d 116 (Mich. 2020).

Petitioner filed a post-conviction motion for relief from judgment with the trial court on July 16, 2021. After the trial judge denied the motion and the Michigan Court of Appeals affirmed the denial, collateral review of petitioner's probation violation conviction ended in the state courts on June 28, 2022, when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his post-conviction motion. *People v. Dickey,* 975 N.W. 2d 464 (Mich. 2022).

On August 5, 2022, Petitioner signed his habeas petition and then filed it with this Court on August 15, 2022.[1]

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on August 5, 2022, the date that it was signed by him. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

## II.

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland*, 479 F.3d 412, 415-16 (6th Cir. 2007); *Elliott v. Mazza*, 2019 WL 1810920, at *1-2 (6th Cir. Jan. 8, 2019) (Sixth Circuit denied petitioner's request for a certificate of appealability where the district court properly dismissed petition on statute-of-limitations grounds under Habeas Rule 4).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009). AEDPA's statute of limitations also applies to judgments from probation revocations. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012).

On petitioner's direct appeal, the Michigan Supreme Court denied petitioner's application for leave to appeal on March 27, 2020. However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) did not start running on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the ninety-day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment became final on June 25, 2020, when he failed to file a petition for a writ of certiorari with the U.S. Supreme Court.

4

*Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, petitioner would have been required to file his petition for a writ of habeas corpus with this Court no later than June 25, 2021, in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001)*.*

Petitioner filed a post-conviction motion with the state courts on July 16, 2021 (See ECF No. 10-1, PageID.91, ECF No. 10-18, PageID.211). The post-conviction motion was filed after the one-year limitations period expired. A state court post-conviction motion that is filed after the limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718, n. 1 (6th Cir. 2002); *Smith v. Meko*, 709 F. App'x 341, 345 (6th Cir. 2017) (limitations period was not tolled by his state collateral attack that was filed after AEDPA one-year limitations expired). The petition is untimely.

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the

5

habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner is not entitled to equitable tolling of the one year limitations period; he failed to argue or show that the facts of his case support equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner must show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged or the probation violation charges. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005).

6

Any actual innocence exception to AEDPA's statute of limitations is particularly inapplicable, in light of the fact that the petitioner pleaded guilty to violating the terms of his probation. *See Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). The petition for a writ of corpus is dismissed.

The Court also denies petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is granted only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

In light of the fact that the issues involving the applicability of the statute of limitations to time-bar petitioner's habeas application are not

particularly complex, the Court **DENIES** petitioner's motion for the appointment of counsel. ECF No. 3.

### III.

Based on the foregoing analysis, the Court concludes that petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural

bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Accordingly, the Court **DENIES** petitioner a Certificate of Appealability; reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner did not file his habeas petition within the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court also **DENIES** petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

**IT IS SO ORDERED.**

Dated: March 23, 2023

s/Shalina D. Kumar
Shalina D. Kumar
United States District Judge